Electronically Submitted
11/21/2018 10:38 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CAUSE NO. **CL-18-6688-E**

| | | |
|---|---|---|
| JOEL RODRIGUEZ, | § | IN THE COUNTY COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| WAL-MART STORES TEXAS, L.L.C., | § | |
| *Defendant.* | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION (WITH DISCOVERY) AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, JOEL RODRIGUEZ, and hereby files this, Plaintiff's Original Petition (With Discovery) and Demand for Jury Trial, complaining of Defendant, WAL-MART STORES TEXAS, L.L.C., and in support thereof would state the following:

### I.    DISCOVERY

Plaintiff alleges that this matter should be conducted under a Level 3 discovery control plan. For his cause of action against the Defendant, Plaintiff would respectfully show this Honorable court the following:

### II.    PARTIES

Plaintiff, JOEL RODRIGUEZ, is an individual residing, Hidalgo County, Texas. Defendant, WAL-MART STORES TEXAS, L.L.C., is a company organized under the laws of Delaware with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716-8013, that engages in business in the State of Texas and maintains a registered agent in Texas. WAL-MART STORES TEXAS, LLC., can be served with process by and through its registered agent, at the following address:



1

Electronically Submitted
11/21/2018 10:38 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-18-6688-E**

CT Corporation System
1999 Bryan St., Suite 900
Dallas, Texas 75201-3136

### III. JURISDICTION & VENUE

The incident made the basis of this lawsuit occurred at the Wal-Mart store located at 2800 W. Nolana Avenue, McAllen, Hidalgo County, Texas. Jurisdiction is proper in this county court in the State of Texas based on the facts alleged herein, because the damages claimed herein are within the Court's jurisdictional limits. Venue is proper under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Hidalgo County, Texas is the county in which a substantial part of the events or omissions giving rise to the claim occurred.

### IV. FACTS

On June 24, 2018, at all times material, Plaintiff was an invitee at Defendant's store located at 2800 W. Nolana Avenue, McAllen, Texas 78504. Plaintiff walked toward the sausage section inside the Wal-Mart store. After making his selection, Mr. Rodriguez took a step to walk away from the sausage section and slipped and fell as a result of a wet floor surface beside the freezer.

It was not readily apparent to Plaintiff that the floor was wet, since the liquid on the floor was coming from under the freezer. Defendant should have known of the wet floor surface since Wal-Mart employees were working in the area where the accident occurred immediately prior to Plaintiff's accident. The area was not marked with a sign warning of the dangerous condition. The risk of harm to Plaintiff was foreseeable such that a warning sign should have been placed by the freezer for patrons such as Plaintiff to see. The slippery floor surface existed for long enough before Plaintiff's accident such that Defendant had more than a reasonable opportunity to discovery it. Plaintiff's back

2

Electronically Submitted
11/21/2018 10:38 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-18-6688-E

impacted the bottom portion of the freezer unit, such that Plaintiff sustained injuries to his back that now require surgery.

### V.    NEGLIGENCE: WAL-MART STORES TEXAS, LLC

Plaintiff was an invitee to Defendant's place of business.  Defendant, WAL-MART STORES TEXAS, LLC was a possessor of the premises.  A condition on the premises posed an unreasonable risk of harm that the Defendant knew or should have known about.  Nonetheless, Defendant breached its duty to Plaintiff by failing to adequately warn the Plaintiff of the condition and / or by failing to make the condition reasonably safe.  The Defendant's breach proximately caused the Plaintiff's injuries.    The Defendant was negligent in the manner in which its employees, representatives conducted their work activities.   Specifically, Defendant was negligent in failing to: (a) provide adequate warnings; (b) monitor the premises; and (c) correct the dangerous condition on said premises.

### VI.   ·  EXHIBITS

A.    Plaintiff's First Set of Discovery Requests to Defendant (Requests for Production, Interrogatories, Requests for Admission & Requests for Disclosure)

### VII.   DAMAGES

As a result of Defendant's acts and/or omissions as set forth above, Plaintiff has sustained the following damages:

(a)    Serious and disabling injuries;

(b)    Past and present mental pain, suffering and anguish, which in all reasonable probability Plaintiff will continue to suffer in the future;

(c)    Past reasonable and customary expenses associated with medical treatment.  There is a reasonable probability that Plaintiff will incur additional reasonable expenses for future medical care and treatment;

3

Electronically Submitted
11/21/2018 10:38 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-18-6688-E

(d)    Exemplary damages;

(e)    Cost of suit; and

(e)    Such other relief to which Plaintiff may be justly entitled.

Plaintiff believes each element of damage referenced above and sought by his herein is solely within the sound discretion of the jury and will rely upon the jury to determine the amount of damages to be awarded.  Plaintiff hereby states that it seeks monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this statement as discovery progresses in this case.

## VIII.    JURY DEMAND

Concurrent with the filing of his Original Petition, Plaintiff has applied for trial by jury and has tendered the jury fee required by TEX. R. CIV. P. 216.

## IX.    PRAYER & CONCLUSION

**WHEREFORE PREMISES CONSIDERED**, Plaintiff, JOEL RODRIGUEZ, prays that Defendant, WAL-MART STORES TEXAS, LLC, be cited to appear and answer in this cause, and that upon final trial hereof, Plaintiff recovers judgment against Defendant for his actual damages in amounts within the jurisdictional limits of this Court, for all damages respectively sustained by him as set forth above together with pre-judgment interest thereon at the maximum legal or equitable rate; for post-judgment interest on the amount of the judgment at the maximum rate allowed by law; for recovery of costs of court; and for such other and further relief, at law or in equity, to which he may show himself justly entitled

Electronically Submitted
11/21/2018 10:38 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-18-6688-E

Respectfully Submitted,

De La Garza Law Firm

/s/ Rafael de la Garza
RAFAEL DE LA GARZA, III
State Bar No. 24076343
4919 S. Jackson Rd.,
Edinburg, Texas 78539
Telephone:  956-533-1426
Facsimile:  956-284-0518

COUNSEL FOR PLAINTIFF
JOEL RODRIGUEZ

5

CL-18-6688-E

# EXHIBIT

# "A"

**CL-18-6688-E**

## PLAINTIFF JOEL RODRIGUEZ'S FIRST SET OF
## REQUESTS FOR PRODUCTION TO DEFENDANT

**REQUEST 1:**
Please produce all documents and tangible things (including, but not limited to, e-mail and electronic or magnetic data) that constitute or contain matters or information relevant to the subject matter of this civil action.

**RESPONSE:**

**REQUEST 2:**
Please produce all written statements of persons who witnessed the incident in question.

**RESPONSE:**

**REQUEST 3:**
Please produce all documents that describe, mention, and/or discuss oral statements of persons who witnessed the incident in question.

**RESPONSE:**

**REQUEST 4:**
Please produce all accident and/or incident reports of the incident in question.

**RESPONSE:**

**REQUEST 5:**
Please produce your complete investigation file of the incident in question.

**RESPONSE:**

**REQUEST 6:**
Please produce all documents that describe, mention, and/or refer to any analysis of the incident in question.

**RESPONSE:**

**REQUEST 7:**
Please produce all photographs, video tapes, films, and digital images of the incident in question.

**RESPONSE:**

**REQUEST 8:**
Please produce all photographs, videotapes, films, and digital images of the area where Plaintiff slipped and fell shortly before and shortly after the incident in question.

2

CL-18-6688-E

**RESPONSE:**

**REQUEST 9:**
Please produce all photographs, videotapes, films, and digital images of the liquid(s) involved in the incident in question.

**RESPONSE:**

**REQUEST 10:**
Please produce all documents and tangible things (including, but not limited to, e-mail and electronic or magnetic data) that mention, discuss, and/or refer to the incident in question.

**RESPONSE:**

**REQUEST 11:**
Please produce you fall-prevention manuals.

**RESPONSE:**

**REQUEST 12:**
Please produce your premises-safety manuals.

**RESPONSE:**

**REQUEST 13:**
Please produce all documents that evidence or show your policies relating to premises safety and/or the prevention of customer injuries.

**RESPONSE:**

**REQUEST 14:**
Please produce all documents that evidence or show your practices and procedures relating to premises safety and/or the prevention of customer injuries.

**RESPONSE:**

**REQUEST 15:**
Please produce all your employee-training manuals relating to fall prevention, floor inspection, spill cleanup, and premises safety.

**RESPONSE:**

**REQUEST 16:**
Please produce all documents evidencing or describing your employee-training policies relating to fall prevention, floor inspection, spill cleanup, and premises safety.

3

CL-18-6688-E

**RESPONSE:**

**REQUEST 17:**
Please produce your premises-safety audits.

**RESPONSE:**

**REQUEST 18:**
Please produce all written communications between you and Plaintiff.

**RESPONSE:**

**REQUEST 19:**
Please produce all documents and tangible things (including, but not limited to, e-mail and electronic or magnetic data) that mention or discuss Plaintiff.

**RESPONSE:**

**REQUEST 20:**
Please produce all warnings you gave to Plaintiff.

**RESPONSE:**

**REQUEST 21:**
Please produce all documents evidencing or describing any warnings you gave to Plaintiff.

**RESPONSE:**

**REQUEST 22:**
Please produce all accident and/or incident reports for slip/trip and fall accidents at your store located at 2800 W. Nolana Avenue, McAllen, Texas 78504.

**RESPONSE:**

**REQUEST 23:**
Please produce any documents identifying lawsuits arising from slip/trip and fall accidents at your store located at 2800 W. Nolana Avenue, McAllen, Texas 78504.

**RESPONSE:**

**REQUEST 24:**
Please produce all insurance policies that might insure you against Plaintiff's claims in whole or in part.

**·RESPONSE:**

4

CL-18-6688-E

**REQUEST 25:**
Please produce all indemnity agreements that might protect you against Plaintiff's claims in whole or in part.

**RESPONSE:**

**REQUEST 26:**
Please produce all documents and tangible things you expect to offer as exhibits as trial.

**RESPONSE:**

**REQUEST 27:**
Please produce all documents and tangible things you may offer as exhibits at trial if the need arises.

**RESPONSE:**

**REQUEST 28:**
Please produce a privilege log for all documents you are withholding from production and for all information that has been redacted.

**RESPONSE:**

**REQUEST 29:**
All documents and tangible things including reports, physical models, compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, and other material in any form whatsoever, prepared by each testifying expert in anticipation of the expert's trial and/or deposition testimony.

**RESPONSE:**

**REQUEST 30:**
All documents and tangible things including reports, physical models, compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, videotapes, maps, sketches, measurements, and other material in any form whatsoever, prepared by each testifying expert in anticipation of the expert's trial and/or deposition testimony.

**RESPONSE:**

**REQUEST 31:**
A recent resume or curriculum vitae for each and every testifying expert.

**RESPONSE:**

CL-18-6688-E

**REQUEST 32:**
A bibliography for each and every testifying expert.

**RESPONSE:**

**REQUEST 33:**
All letters, correspondence, documents, and tangible things exchanged between you, as that term is defined hereinabove, and each testifying expert which contain any compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, and other information in any form whatsoever, relating to the scene of the incident, persons witnessing the collision, and persons involved in the collision.

**RESPONSE:**

**REQUEST 34:**
All reports, in any form whatsoever, from each and every testifying expert.

**RESPONSE:**

**REQUEST 35:**
A complete copy of each testifying expert's file relating to this lawsuit.

**RESPONSE:**

**REQUEST 36:**
All documents and tangible things including reports, physical models, compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, and other material in any form whatsoever, prepared by each consulting expert.

**RESPONSE:**

**REQUEST 37:**
All documents and tangible things including reports, physical models, compilations of data, factual observations, tests, test results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, and other material in any form whatsoever, prepared by each consulting expert.

**RESPONSE:**

**REQUEST 38:**
A recent resume or curriculum vitae for each and every consulting expert.

**RESPONSE:**

6

CL-18-6688-E

**REQUEST 39:**
A bibliography for each and every consulting expert.

**RESPONSE:**

**REQUEST 40:**
All letters, correspondence, documents, and tangible things exchanged between you, as that term is defined hereinabove, and each consulting expert which contain any compilations of data, factual observations, test, test results, supporting data, calculations, photographs, video tapes, maps, sketches, measurements, and other information in any form whatsoever, relating to the scene of the incident, the cause of the incident, and persons involved in or witnessing the incident.

**RESPONSE:**

**REQUEST 41:**
All reports, in any form whatsoever, from each and every consulting expert.

**RESPONSE:**

**REQUEST 42:**
A duplicate copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the incident including all non-wavier agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

**RESPONSE:**

**REQUEST 43:**
A duplicate copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which may provide coverage to satisfy all or part of any judgement which may be rendered in this litigation including all non-waiver agreements, reservation of rights letters or other documents or communications regarding any contractual obligations owed by you.

**RESPONSE:**

**REQUEST 44:**
Copies of any and all documents that in any way pertain to Plaintiff and that were obtained by Defendant through the use of a written authorization or consent for the release of such information signed by Plaintiff.

**RESPONSE:**

**REQUEST 45:**

CL-18-6688-E

All documents and records, including expert's reports, with regard to the causation of the occurrence made the basis for this suit.

**RESPONSE:**

**REQUEST 46:**
All documents and records, including expert's reports, with regard to the medical condition of the Plaintiff excluding any documents and records provided by Plaintiff.

**RESPONSE:**

**REQUEST 47:**
All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

**RESPONSE:**

**REQUEST 48:**
All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, and ordinances that any of your testifying experts (as that term is defined herein) claim to be a reliable authority which may be used at the time of trial.

**RESPONSE:**

**REQUEST 49:**
All documents and tangible things relied upon by the Defendant to Answer Plaintiff's Interrogatories.

**RESPONSE:**

**REQUEST 50:**
Copies of any and all policies and procedures adopted by Defendant and in effect at the time of the incident in question that in any way pertain to or regard the inspection of the floors at Defendant's store.

**RESPONSE:**

**REQUEST 51:**
Copies of any and all records, reports, documents or memorandums that in any way pertain to or record the actual inspection of the floors of Defendant's store that Defendant alleges show or prove that such floors were actually inspected at any time prior to the incident in question.

**RESPONSE:**              **END OF REQUESTS FOR PRODUCTION**

CL-18-6688-E

## PLAINTIFF JOEL RODRIGUEZ'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT

**INTERROGATORY NO.1**
Please provide the name, address, and telephone numbers of all persons who witnessed the incident in question, for each, please identify his or her current employers.

**ANSWER:**

**INTERROGATORY NO.2**
Please provide the name, address, and telephone numbers of all persons who visited the bathroom and observed the liquid on the ground before and/or after the incident in question. For each, please state whether the person saw the bathroom floor on or after the incident in question. For each, please identify his or her current employers.

**ANSWER:**

**INTERROGATORY NO.3**
Please identify all your former and current supervisors and managers who were or are primarily responsible for floor safety at your store at 2800 W. Nolana Avenue, McAllen, Texas 78504. For each, please identify his or her current employers.

**ANSWER:**

**INTERROGATORY NO.4**
Please identify all persons who investigated and/or analyzed the incident in question. For each, please identify his or her current employers.

**ANSWER:**

**INTERROGATORY NO.5**
Please identify all persons who communicated (orally or in writing) with Plaintiff about the incident in question, his injuries, and/or his damages.

**ANSWER:**

**INTERROGATORY NO.6**
Are you aware of any oral statements or oral admissions made by Plaintiff that you claim are relevant to this lawsuit? If so, for each statement or admission, identify the person who made it and the person(S) to whom it was made, provide the date it was made, the place in which it was made, and the contents of the statement.

**ANSWER:**

9

CL-18-6688-E

**INTERROGATORY NO.7**
Identify all documents, films, videos, data compilations, and tangible things that no longer exist or cannot be located that are relevant to this lawsuit or contain information that is relevant to this lawsuit. In addition to identifying each document, data compilation, or tangible thing, state how and when it passed out of existence or when it could no longer be located, and state the reason or reasons for the disappearance. Also, identify each person having knowledge about the document's or tangible thing's disappearance or loss.

**ANSWER:**

**INTERROGATORY NO.8**
Do you dispute the dollar amount of Plaintiff's economic damages, including, but not limited to, medical expenses? If so, please explain the factual and legal basis for your contention.

**ANSWER:**

**INTERROGATORY NO.9**
Do you dispute Plaintiff's method of calculating economic damages? If so, please explain the factual and legal basis for your contention.

**ANSWER:**

**INTERROGATORY NO.10**
If you have denied liability in this lawsuit. Please explain the factual and legal basis for denying liability in this lawsuit.

**ANSWER:**

**INTERROGATORY NO.11**
Please identify each person who answered these interrogatories and/or responded to Plaintiff's requests for production. For each person, please explain how he or she participated.

**ANSWER:**

**INTERROGATORY NO.12**
Identify all documents and/or tangible things that you relied on or reviewed in answering these interrogatories and/or in responding to Plaintiff's request for production. Alternatively, please produce to Plaintiff's attorney for inspection and/or copying all documents and tangible things that you relied on or reviewed in answering these interrogatories and/or in responding to Plaintiff's requests for production.

**ANSWER:**

CL-18-6688-E

**INTERROGATORY NO.13**
Please identify each cashier present at the time of the incident made basis of this lawsuit. In your answer, please identify the last known address and last known telephone number of each cashier present.

**ANSWER:**

**INTERROGATORY NO.14**
Please identify the names of all maintenance workers employed by you on the date of the incident made basis of this lawsuit. In your answer, please identify the worker's work shift, last known address, and last known telephone number.

**ANSWER:**

## END OF INTERROGATORIES

CL-18-6688-E

## PLAINTIFF JOEL RODRIGUEZ'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT

**REQUEST FOR ADMISSION NO.1**
Admit that plaintiff slipped and fell because there was a substance on the floor.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.2**
Admit that an incident report was filed as a result of Plaintiff's Injuries.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.3**
Admit that an employee of WAL-MART walked by the location of the accident immediately before the accident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.4**
Admit that WAL-MART STORES TEXAS, LLC. has video footage of the accident which makes the basis of this case.

**RESPONSE:**

**REQUEST FOR ADMISSION NO.5**
Admit that WAL-MART STORES TEXAS, LLC, had knowledge that there were paper towels on the floor nearby to where the accident occurred.

**RESPONSE:**

## END OF REQUESTS FOR ADMISSIONS

12

CL-18-6688-E

## PLAINTIFF JOEL RODRIGUEZ'S REQUESTS FOR DISCLOSURES

Plaintiff requests that Defendant respond to Tex. Rule of Civ. Proc. 194.2 (a) – (l) by no later than fifty (50) days after being served.